**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **JULIÁN OLIVARES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. _____-____ |
| | ) | |
| v. | ) | **JURY DEMANDED** |
| | ) | |
| **UNIVERSITY OF CHICAGO ET AL.,** | ) | Judge _____ |
| | ) | |
| **Defendants.** | ) | |

**VERIFIED ORIGINAL COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS**

**I.   JURISDICTION AND VENUE**

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and related claims.  This Court has original and exclusive jurisdiction under 27 U.S.C. §§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

**II.   PARTIES**

3. Plaintiff, JULIÁN OLIVARES (hereinafter referred to as "Plaintiff") is and has been at all times pertinent to this lawsuit a citizen of the United States and resides in Houston, Harris County, Texas.

4. On information and belief, Defendant UNIVERSITY OF CHICAGO is a private university and may be served with process by serving Beth A. Harris at its principal place of business at Edward H. Levi Hall, 5801 South Ellis Avenue, Suite 619, Chicago, Illinois 60637.

5. On information and belief, Defendant UNIVERSITY OF CHICAGO PRESS is a division of the University of Chicago and publishes books and other printed materials.

University of Chicago Press may be served with process by serving Beth A. Harris at its principal place of business at Edward H. Levi Hall, 5801 South Ellis Avenue, Suite 619, Chicago, Illinois 60637.

6. Defendant Margaret R. Greer (hereinafter referred to as "GREER") is an individual who may be served with process at her place of employment, Duke University, 217C Languages Building, Durham, North Carolina 27708.

7. Defendant Elizabeth Rhodes (hereinafter referred to as "RHODES") is an individual who may be served with process at her place of employment, Boston College, Department of Romance Languages and Literatures, Lyons Hall 304E, 140 Commonwealth Avenue, Chestnut Hill, Massachusetts 02467-3804.

## BACKGROUND FACTS

8. Plaintiff is the creator of "*Novelas amorosas y ejemplares,* by María de Zayas y Sotomayor," an edition created by Plaintiff Julián Olivares. The book is a critical edition of and a transformation and interpretation of *Novelas amorosas y ejemplares*. Plaintiff's book is a new and different version of *Novelas amorosas y ejemplares*, contains a large amount of material wholly original with Plaintiff, and is copyrightable subject matter under the laws of the United States. The work was created over a number of years and completed in 1999.

9. Plaintiff's book has been published and contains a copyright notice that provides notice that the work is copyrighted. The original publication was in 2000.

10. Plaintiff has been and still is the sole proprietor of the right to sue for copyright infringement of the U.S. copyright in said book. The date of registration for the text of the literary work is on or about October 7, 2014. The registration number is pending in the Copyright Office due to normal irradiation procedures.

11. Defendants GREER and RHODES translated and Defendant UNIVERSITY OF CHICAGO PRESS published the book "María de Zayas y Sotomayor, *Exemplary Tales of Love and Tales of Disillusion*" (hereafter "Defendants' book"). In Defendants' book, Defendants included original, copyrighted material from Plaintiff's book, including at least nine translated narratives from Plaintiff's book.

12. In Defendants' book, GREER and RHODES affirmed that they translated narratives of Plaintiff's book. Specifically, at page 41 of Defendants' book, GREER and RHODES state:

> For the Exemplary Tales of Love, we use Julián Olivares's edition of the book's second publication, whose title page states that it was "corrected and amended by the author" in 1637. Where the first edition, which Olivares designates as "P," differs substantively from the second, we cite the variant, addition or excision, in a note, giving the version in the copy-text first, followed by a bracket and then the variant.
>
> \* \* \*
>
> When using parentheses and dashes to set off modifying clauses of long sentences helps make them understandable, we have done so. We occasionally alter Olivares's and Yllera's paragraph divisions and punctuation for the same reason.

13. Defendants did not request permission nor did Plaintiff grant authorization to any of the Defendants to translate or otherwise use Plaintiff's copyrighted material.

14. In Defendants' book, Defendants misrepresent that Plaintiff assisted and supported the creation of Defendants' book and thereby approved the book. Specifically, at page vii of Defendants' book, Defendants state:

> Elizabeth Rhodes would like to thank . . . , Julian Olivares, . . . for their assistance and support.
>
> Margaret Greer also thanks . . . , and Julian Olivares, as well as . . .

15. Defendants infringed Plaintiff's copyright by publishing and placing on the market Defendants' book.

16. An electronic copy of Plaintiff's copyrighted book is hereto attached as ''Exhibit 1.'' A copy of the infringing work by Greer and Rhodes can be found under ISBN-13: 978-0226768656 ISBN-10: 0226768651 and at http://www.amazon.com/Exemplary-Tales-Disillusion-Modern-Europe/dp/0226768651.

### III. FIRST CLAIM FOR RELIEF
### Copyright Infringement (17 U.S.C. §§ 101 et seq.)

17. Plaintiff alleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by this reference.

18. From time to time subsequent to the creation of Plaintiff's book, Defendants infringed on Plaintiff's statutory copyright, including by substantial copying; making and distributing, or authorizing the making and distributing printed material incorporating Plaintiff's copyrighted material; participating in and furthering such infringing acts, or sharing in the proceeds therefrom, all through copying of constituent elements and substantial use of Plaintiff's book in and as part of Defendants' book.

19. On information and belief, the respective infringing acts of Defendants include, but are not limited to, the following:

    a. Defendants participated in and contributed to the copying of Plaintiff's book in the creation of Defendants' book.

    b. Defendants participated in and/or contributed to the making and distribution of Defendant's book, in the United States and various other territories of the world, serving to reproduce Defendant's book.

20. Defendants' respective infringing acts were, and if continued, hereafter will be committed willfully.

21. Plaintiff demands an accounting of all revenue received by Defendants for Defendant's book.

22. Plaintiff is entitled to his attorney's fees for such copyright infringement.

23. Plaintiff is entitled to his litigation costs for such copyright infringement.

24. Plaintiff is entitled to elect a statutory damage award of up to $100,000 per infringement, because the infringement was willful, or an actual damage award.

25. Defendants are jointly and severally liable.

## IV.    SECOND CLAIM FOR RELIEF

### Violations of Universal Copyright Convention

26. Plaintiff realleges each and every condition set forth in the preceding paragraphs and incorporates them herein by reference.

27. The United States has entered into international copyright relations with various countries of the world, including through the Universal Copyright Convention.

28. On information and belief, Defendants distributed and sold Defendants' book in various territories of the world outside the United States, in direct violation of Plaintiff's international copyrights.

29. By reason of the foregoing, Defendants have infringed Plaintiff's international copyrights to an extent to be more fully specified following discovery of Defendants' business records.

30. Plaintiff demands a world-wide accounting of all revenue received by Defendants for Defendants' book.

31. Plaintiff is entitled to all revenue from Defendants because the infringement was intentional.

32. Plaintiff is entitled to his attorney's fees for such copyright infringement.

33. Plaintiff is entitled to his litigation costs for such copyright infringement.

34. Defendant(s) are jointly and severally liable.

## V. THIRD CLAIM FOR RELIEF

### Unjust Enrichment

35. Plaintiff realleges each and every condition set forth in the preceding paragraphs and incorporates them herein by reference.

36. By reason of the foregoing, Defendants have obtained a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage to an extent to be more fully specified following discovery of Defendants' business records.

37. Defendants have received benefits unjustly and should make restitution for those benefits. Defendants have wrongfully secured a benefit or have passively received one which it would be unconscionable to retain.

38. Defendants have presented Plaintiff's created material as having been created and owned by Defendants. Defendants have further represented that Plaintiff assisted, supported, and thereby approved Defendants' book. Thereby, Defendants have obtained revenue from Defendants' book which is a benefit obtained from Plaintiff by his created material and for which it would be unconscionable for Defendants to retain.

39. Plaintiff demands a world-wide accounting of all revenue received by Defendants for Defendants' book.

40. Defendant(s) are jointly and severally liable.

### VI. THIRD CLAIM FOR RELIEF

### Money Had and Received

41. Plaintiff realleges each and every condition set forth in the preceding paragraphs and incorporates them herein by reference.

42. By reason of the foregoing, Defendants hold money (revenue from Defendants' book) that in equity and good conscience belongs to Plaintiff to an extent to be more fully specified following discovery of Defendants' business records.

43. Plaintiff demands a world-wide accounting of all revenue received by Defendants for Defendants' book.

44. Defendant(s) are jointly and severally liable.

### VII. DISCOVERY OF CAUSES OF ACTION

45. The acts and omissions of the Defendants have only recently been discovered by Plaintiff. Plaintiff did not discover, and could not with the exercise of reasonable diligence have discovered, the acts and practices until recently.

### VIII. JURY TRIAL DEMAND

Plaintiff requests trial by jury on all issues that can be submitted to a jury.

### IX. RELIEF REQUESTED RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows in addition to any other relief claimed or due to Plaintiff:

A. the Defendants, and each of them, and their respective agents, servants, and representatives, be enjoined during the pendency of this action and permanently, from infringing Plaintiff's statutory copyright in any manner, including from disposing of copies of, and making and distributing copies of Defendants' book and from contributing to or participating in and

furthering any infringing acts;

B.    that Defendants and each of them, be required to account for all gains, profits, and advantages derived by Defendants from each of their infringements of the statutory copyright, and pay to Plaintiff such damages that Plaintiff has sustained in consequence of each infringement of said copyrights; or such damages as to this Court shall appear proper within the provisions of the Copyright Law;

C.    that Defendants and each of them, be required to account for and pay to Plaintiff all gains, profits, and advantages derived by Defendants from each of their acts complained of herein;

D.    that Defendants pay to Plaintiff the costs of this action, including reasonable attorneys' fees to be allowed to Plaintiff by this Court; and

E.    that Plaintiff have such other and further relief as is just and proper.

Respectfully submitted,

**Ramey & Browning, PLLC**

*/s/ William P. Ramey, III*
**WILLIAM P. RAMEY, III**
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (Telephone)
(832) 900-4941 (Facsimile)
wramey@rameybrowning.com
**COUNSEL FOR PLAINTIFF JULIÁN OLIVARES**

## VERIFICATION

THE STATE OF TEXAS         §

COUNTY OF HARRIS           §

BEFORE ME, the undersigned Notary Public, on this day personally appeared JULIÁN OLIVARES, who being by me duly sworn under oath and deposed and said that he is the Plaintiff in the above entitled and numbered cause; that he has read the allegations contained in the foregoing instrument and that the statements contained therein are true and correct.

_____
JULIÁN OLIVARES

SUBSCRIBED AND SWORN TO BEFORE ME on this the 30th day of September, 2014.

Elizabeth Williams
My Commission Expires
07/15/2016

_____
Notary Public, State of Texas